IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN CARTER, | ) | CASE NO. 3:02CV524 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | <u>ORDER</u> |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon Petitioner, Sean Carter's ("Carter") Motion to Expand or Supplement the Record, (Dkt. #130)("Motion to Expand"), and Motion for Competency Determination and to Stay Proceedings, (Dkt. #132)("Motion for Competency Determination"). Also before the Court are the Respondent's opposition briefs, (Dkt. #134; 135), and the Petitioner's reply briefs (Dkt.#136; 137). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Expand and **GRANTS** the Motion for Competency Determination.

**I.     FACTUAL BACKGROUND**

Carter was convicted and sentenced to death in a Trumbull County Court of Common Pleas for the aggravated murder, aggravated robbery, and rape of Veader Prince. After exhausting his state court appeals, he initiated the instant federal habeas corpus proceeding on March 19, 2002. Thereafter, Carter filed a petition pursuant to 28 U.S.C. § 2254. (Dkt. #13). On January 6, 2003, he filed an amended petition and a motion to stay the case and hold it in abeyance pending the exhaustion in state court of claims he had raised in the amended petition. (Dkt. #39). The Court granted the motion, requiring Carter to return to federal court after the conclusion of his state court litigation. (Dkt. #45). Upon the conclusion of those proceedings, this matter resumed and the Respondent filed the return of writ on September 16, 2003. (Dkt. #79).

After conducting discovery and expanding the record, Carter sought and received permission to file a second amended petition, (Dkt. #99), to which the Respondent filed an amended return of writ on May 7, 2004. (Dkt. #105). Carter then moved the Court to obtain expert assistance to review his prior medical records and for the appointment of a neuropsychologist. The Court granted the motions. (Dkt. #117). On June 14, 2005, Carter filed a motion to amend the petition, which the Court granted. (Dkt. #123; 127).

Thereafter, Carter filed his third amended petition on October 3, 2005. (Dkt. #129). Concurrent with the third amended petition, Carter filed the instant Motion to Expand and Motion for Competency Determination. In these Motions, Carter requests that the Court expand the habeas record to include additional medical records and affidavits and for the Court to make a competency determination and stay these

-2-

proceedings based on Carter's current incompetence. The Respondent partially opposed the Motion to Expand and opposed the Motion for Competency Determination.

## II. MOTION TO EXPAND THE RECORD

In his Motion to Expand, Carter asserts that several documents will aid the Court in deciding his first, second, and eighth claims for relief raised in the third amended petition. In these grounds for relief, Carter claims that he was incompetent to stand trial, that he received ineffective assistance of counsel during the mitigation phase because his counsel failed to investigate and present mitigating evidence, and that he cannot be executed because he is currently mentally ill. Carter seeks to expand the record pursuant to Habeas Rule 7 with the following documents:

1. Affidavit and curriculum vita of Bob Stinson, Psy.D.;

2. Affidavit and curriculum vita of Michael M. Gelbort, Ph.D.;

3. Affidavit of Ida Magee;

4. Sanity Report prepared by Steven A. King, M.D., 2/23/1998;

5. Sanity Evaluation prepared by Stanley J. Palumbo, Ph.D., 3/6/1998;

6. Competency Evaluation prepared by Stanley J. Palumbo, Ph.D., 12/16/1997;

7. Psychosocial History prepared by Albert Linder, A.C.S.W./L.I.S.W., 11/6/1997;

8. Letter from Douglas C. Darnall, Ph.D., 11/17/1997;

9. Chemical Dependency Assessment from Portage County Juvenile Court Substance Abuse Awareness Department, 4/19/1994;

10. Department of Youth Services Evaluation, Portage-Geauga County Juvenile Detention Center, 3/27/1995;

> 11. Department of Rehabilitation and Correction; and Sean Carter's Department of Rehabilitation and Correction medical and mental health files from Mansfield Correctional Institution and Oakwood Correctional Facility.

(Dkt. #130, at 1-2).

### A. STANDARD OF REVIEW

Rule 7 permits a habeas court to require the production of any documents "relevant to the determination of the merits of the petition." R. Governing Section 2254 Cases 7(a). This rule is expansive, permitting a district court wide latitude in developing the record to ensure a thorough review and prompt disposition of the case. Congress explained the district court's broad authority pursuant to Rule 7 in the Advisory Committee Notes of that rule:

> At any time in the proceedings . . . *either on [the court's] own motion* or upon cause shown by the petitioner, it may issue such writs and take or authorize such proceedings . . . *before* or in conjunction with the hearing of facts.

Rule 7, R. Governing Section 2254 Cases Advisory Committee Notes (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969))(emphasis in the original). Thus, this Court may, in its discretion, require an expansion of the record at any point in the proceeding if required for disposition.

### B. ANALYSIS

Several documents that the Petitioner requests be admitted into the record are documents obtained through Court-ordered discovery. Specifically, Carter's first, second,

and eleventh requests to expand the record relate directly to the Court's discovery order. Additionally, the Respondent indicated that she does not oppose the expansion of the record pertaining to these documents. Accordingly, the Court grants Carter's motion to expand the record to include them.

Carter also asks the Court to expand the record to include the affidavit of Ida Magee, who was his foster mother prior to his adoption by the Prince family. He asserts that this affidavit is relevant to his ineffective assistance of counsel during mitigation claim.

Recently, the United States Supreme Court held that a habeas petitioner seeking to expand the record pursuant to Rule 7 must meet the evidentiary hearing standard for introduction of these documents as required in § 2254(e)(2). Holland v. Jackson, 542 U.S. 649 (2004). That statute states:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court **shall not** hold a hearing on the claim unless the applicant shows that–
> (A) the claim relies on–
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(emphasis supplied). The Holland Court held that restrictions that

apply to habeas petitioners seeking to factually develop a claim through an evidentiary hearing also "apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." Holland, 542 U.S. at 653 (citations omitted).

Thus, whether a habeas court can grant a petitioner's Rule 7 motion depends largely on whether the petitioner "failed to develop" the factual basis of his claim in state court. The United States Supreme Court defined the "failed to develop" language of § 2254(e)(2) in (Michael)Williams v. Taylor, 529 U.S.420 (2000). There, the Supreme Court determined that a habeas petitioner has not "failed to develop" his or her claims in state court "unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Id. at 432. The Williams Court determined that Williams's counsel was delinquent in pursuing a police department psychological report of his co-defendant that allegedly provided exculpatory information when trial counsel had viewed references to the report's existence on several occasions. Id. at 438-39. Consequently, the Court held, Williams had "failed to develop" this claim and was barred from a hearing on this issue. *Id.* In one other instance, however, the Court determined that there was no feasible means by which counsel could have developed the factual basis of Williams's claims in state court and, thus, reversed the Fourth Circuit's determination that § 2254(e)(2) barred a hearing for that claim. Id. at 442.

As the Respondent concedes in the amended return of writ, Carter preserved his ineffective assistance of counsel during mitigation claim for federal habeas review by raising during the post-conviction proceedings. He did not, however, present the Magee

-6-

affidavit to the state courts. Although Carter obtained this affidavit at some point during his state court litigation, he fails to explain why he neglected to present it to the state courts. Thus, because he did not develop the factual basis of this sub-claim in state court, the Court may not now admit it into the record pursuant to the *Holland* holding.

Carter next seeks to expand the record to include two sanity reports prepared by Dr. Steven King and Dr. Stanley Palumbo and a competency evaluation prepared by Dr. Palumbo. These reports were prepared in anticipation of the competency hearings the trial court held prior to trial. These documents, similar to the Magee affidavit, would seemingly be barred from inclusion in the habeas record because they were not part of the state court record.

"The making of new factual allegations in support of a habeas claim, [however], does not by itself lead to the conclusion that it was not fairly presented" to the state courts. Hampton v. Leibach, No. 99 C 5473, 2001 WL 1518533, at *11 (N.D. Ill. Nov. 29, 2001)(citing Picard v. O'Connor, 404 U.S. 270, 277-78 (1971))(further citations omitted). While the petitioner must raise the operative legal and factual bases for a claim to the state courts, mere variations of the same claim that do not go so far as to present a new legal theory or wholly uncharted factual allegations will not preclude a habeas court's finding that exhaustion has occurred. Chambers v. McCaughtry, 264 F.3d 732, 738 (7th Cir. 2001); Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994).

Dr. Palumbo testified during the first pre-trial competency hearing on December 26, 1997. The competency report was offered into evidence at that time but, for unknown

-7-

reasons, failed to become part of the trial court record. Thus, the Court will now expand the record to include it. Although Dr. Palumbo had not yet prepared his final sanity report before the second competency hearing, he referred to its findings and conclusions during his testimony. Thus, Dr. Palumbo's psychological evaluations and conclusions regarding Carter's mental health were presented to the state court. Similarly, Dr. King prepared his sanity report at the behest of the trial court so that it could obtain a second medical opinion. The trial court's review of this report led it to conduct a second competency hearing. Carter did not "fail to develop" the factual basis of this claim because these reports already were presented to the state court and, in one instance, mirrored the testimony of Dr. Palumbo during one of the competency hearings. Accordingly, the Court will permit Carter to expand the habeas record to include these reports.

Carter also wishes to include in the record a psychosocial history of him prepared by Albert Linder and a letter from Dr. Douglas Darnall. These letters were contained in trial counsel's files. While the Respondent objects to the inclusion of these documents because they are not relevant to the discovery this Court granted, that issue is beside the point. As stated above, to include these documents in the record, the Court need only decide whether Carter was diligent in presenting them in state court and whether they are relevant to the disposition of any claim raised in the petition. Carter asserts that these documents are relevant to deciding his first, second, and eighth claims in the Petition, because Dr. Bob Stinson and Dr. Michael Gelbort reviewed them in preparing their affidavits.

-8-

While the Court finds that these documents may be relevant to the aforementioned claims, Carter fails to explain why he did not present them during any of his state court proceedings, particularly during his post-conviction proceedings. Because he was not diligent in presenting them to the state court, the Court finds that, pursuant to § 2254(e)(2), they cannot be included in the habeas record.

Finally, Carter requests that the Court expand the record to include a chemical dependency assessment from Portage County Juvenile Court and a Department of Youth Services Evaluation. These documents were prepared in 1995 and 1994 respectively. Carter asserts their relevance to this habeas proceeding because Dr. Stinson and Dr. Gelbort relied on them in preparing their affidavits. Once again, however, Carter fails to explain why these documents were not procured and made a part of the state record when raising ineffective assistance of counsel during his state court litigation. Accordingly, the Court is proscribed from including them in the habeas record because Carter does not meet the diligence requirement of § 2254(e)(2). Carter's request to expand the record pursuant to Rule 7 pertaining to these documents is denied.

## III. MOTION FOR COMPETENCY DETERMINATION

Carter next moves the Court to make a competency determination and stay these proceedings. He asserts that because he does not now understand the nature and consequences of the habeas proceedings, the Court should stay this case until he becomes competent. Carter's counsel assert that although the Court has ordered them to file the

traverse on December 2, 2005, they are unable to "present his claims adequately" because of his current inability to provide them with assistance.  (Dkt. #132, at 9).  They rely on the findings of Dr. Stinson and Dr. Gelbort, both of whom have found Carter does not currently have the capacity to understand the nature of the habeas proceedings.

In his Motion, Carter concedes that neither the United States Supreme Court nor the Sixth Circuit Court of Appeals has held that a habeas petitioner must be competent to proceed with his or her habeas litigation.  Thus, he relies heavily on a Ninth Circuit opinion in which that court found that such a right exists.  Rohan v. Woodford, 334 F.3d 803 (2003).  In that case, the Ninth Circuit held that because Congress fortified habeas petitioners with a statutory right to counsel, 21 U.S.C. § 848(q)(4)(B), then it must have implicitly determined that a petitioner has a right to be competent during habeas proceedings because "[c]ounsel's assistance . . . depends in substantial measure on the petitioner's ability to communicate with him."  Id. at 813.

Consequently, the court remanded the case, requiring the district court to make a competency determination.  The Rohan court held that the district court must ascertain "whether [the petitioner] now has the capacity to understand his position and to communicate rationally with counsel."  Id. at 819.  It thereafter stayed any further habeas proceedings until the district court found the petitioner to be competent.

In addition to noting that the Rohan holding is the only authority supporting Carter's assertion that he has a right to be competent during habeas proceedings, the Respondent mounts several attacks against the Motion.  First, she contends that Carter

-10-

already had a competency hearing in state court. She also argues that Carter has not shown that he is unable to assist in his own defense. Rather, she asserts, he merely refuses to aid counsel. Thus, the Respondent claims, Carter is making an independent decision not to assist counsel. Finally, the Respondent observes that Carter's counsel did not appear to need assistance in filing the petition and, thus, questions the bases for habeas counsel's assertion that they are in need of Carter's assistance to file the traverse. Additionally, the Respondent requests that even if the Court holds a competency hearing, it should not stay all proceedings in this case.

The Respondent's first two arguments are without merit. It is well settled that an individual's competency is a fluid, rather than static, state that can fluctuate over time. Thus, the fact that the trial court found Carter to be competent to stand trial is of no consequence here. If this Court were to make an inquiry into Carter's mental state, the trial court's findings would not be relevant. Instead, this inquiry would necessarily include a determination regarding whether Carter is incapable of assisting his counsel or whether he is choosing not to do so. The Respondent's third query, regarding why habeas counsel seemingly did not need Carter's assistance in preparing the petition but now need such aid in preparing the traverse, however, is well-taken. Habeas counsel does not articulate in the Motion why Carter's assistance, which was not necessary to prepare the petition, is required at this juncture.

The Court's decision whether to grant the Motion for Competency Determination turns on whether it finds that Carter has a right to be competent during habeas

-11-

proceedings. While the Court recognizes that there is no binding authority requiring it to make a competency determination, it finds the Rohan court's reasoning persuasive. Accordingly, the Court grants Carter's Motion for Competency Determination.

The Court will hold an evidentiary hearing to aid it in deciding the competency issue. Counsel shall present at the hearing any and all evidence that will aid the Court in rendering its competency decision. Carter's counsel shall also be prepared to explain to the Court why it is necessary for them to obtain Carter's assistance to prepare the amended traverse when they expressed no such need for assistance in preparing the amended petition.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART and DENIES IN PART** Carter's Motion to Expand. (Dkt # 130). Specifically, the Court will expand the habeas record to include the documents in Carter's first, second, fourth, fifth, sixth and eleventh requests. The Court will not expand the record to include the documents in Carter's third, seventh, eighth, ninth, and tenth requests. The Court **GRANTS** the Motion for Competency Determination, (Dkt. #132), and will hold a hearing to determine Carter's mental capabilities on **December 16, 2005 at 1:30 p.m.** . Finally, because the Court finds that Carter must be competent to proceed with his habeas litigation, the Court hereby stays this case until it makes its competency determination.

IT IS SO ORDERED.

S/Peter C. Economus - 11/28/05
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE
