IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN CARTER, | ) | CASE NO. 3:02CV524 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | <u>ORDER</u> |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon Petitioner, Sean Carter's ("Carter") Motion for Evidentiary Hearing, (Dkt. #110)("Motion for Hearing"), and Motion for Order Directing Ohio Department of Rehabilitation and Correction to Provide an Updated Copy of Petitioner's Prison Records to Undersigned Counsel, (Dkt. #187)("Motion for Records"). Also before the Court are the Respondent's responsive briefs, (Dkt. #112; 190). For the following reasons, the Court **DENIES WITHOUT PREJUDICE** the Motion for Hearing and **GRANTS** the Motion for Records.

## I. PROCEDURAL BACKGROUND

Carter was convicted and sentenced to death in a Trumbull County Court of Common Pleas for the aggravated murder, aggravated robbery, and rape of Veader Prince. After exhausting his state court appeals, he initiated the instant federal habeas corpus proceeding on March 19, 2002. Thereafter, Carter filed a petition pursuant to 28 U.S.C. § 2254. (Dkt. #13). Carter sought and obtained permission to depose trial counsel on December 17, 2003. (Dkt. #99). Shortly thereafter, Carter filed the instant Motion for Hearing. (Dkt. 110).

On October 3, 2005, Carter filed a third amended petition. (Dkt. #129). Concurrent with the third amended petition, Carter filed a Motion for Competency Determination and to Stay Proceedings. (Dkt. #132). On November 29, 2005, the Court granted the Motion for Competency Determination, staying the proceedings pending a competency determination, and setting a competency hearing date for December 16, 2005. (Dkt. #139). After two continuances, the Court held a competency hearing on May 1, 2006. (Dkt. #169-70). It thereafter issued an Order granting the parties' joint request for post-hearing briefing. Additionally, it ordered Carter's counsel to arrange for the Respondent's experts to observe Carter's interaction with habeas counsel. (Dkt #171).

Carter filed an Objection with the Court, asserting that permitting the State's experts to observe his interaction with counsel would violate the attorney-client privilege. (Dkt. #173). After the Court denied the Objection, Carter filed a Motion for Certification of Appeal under 28 U.S.C. § 1292(b), asking the Court to stay the habeas proceeding and

-2-

notifying the Court that it would seek a writ of mandamus if the Court were to deny the Motion. (Dkt. #179). The Court denied the Motion on February 1, 2007. (Dkt. #184).

Carter sought mandamus relief in the Sixth Circuit Court of Appeals from the Court's Order on February 28, 2007. (Dkt. #185). After accepting briefs on this issue, the Sixth Circuit granted Carter mandamus relief on November 5, 2007. (Dkt. #186). Thereafter, Carter filed the instant Motion for Records, to which the Respondent filed a responsive brief. (Dkt. #190).

## II. MOTION FOR EVIDENTIARY HEARING

As stated above, Carter filed the Motion for Hearing on July 12, 2004. (Dkt. #110). Carter requested that the Court hold a hearing on whether he was incompetent to stand trial and whether defense counsel violated his Sixth Amendment right to counsel by failing to present all evidence of his incompetency. To develop the facts supporting these grounds for relief, Carter proposed that he adduce testimony from trial counsel, whom he already has deposed during this habeas proceeding, and "[t]he testimony of a psychologist expert, to be determined." Id. at 15.

Although the Court has determined that it will stay the habeas proceedings until it makes a finding regarding Carter's competency, it nevertheless will deny the Motion for Hearing at this juncture. While Carter may still wish to pursue an evidentiary hearing on these grounds once the Court has made its competency determination, he may conversely decide that some, if not all, of the evidence he had intended to adduce at an evidentiary hearing has been introduced during the litigation of the competency issue. Accordingly,

-3-

the Court denies the Motion for Hearing without prejudice. Carter may file a second motion for an evidentiary hearing, if he still believes it to be necessary, once the Court has made its competency determination and the stay of the habeas proceeding is lifted.

### III. MOTION FOR RECORDS

Carter informs the Court in the Motion for Records that his mental status has changed since the Court's May, 2006, hearing. On November 29, 2007, Carter was transferred from the Mansfield Correctional Facility to the Oakwood Correctional Facility to receive psychiatric care. Moreover, the staff at the Oakwood Correctional Facility has informed habeas counsel that, at the time of his admittance, Carter posed an immediate risk of injury to himself or others and was unable to care for his basic needs. (Dkt. #187, at 2-3). Because his mental status has changed since the Court's last evaluation of it, Carter requests that the Respondent supply him with his prison records from March 22, 2006, to the present. He suggests that he may need to update the Court about his mental condition once habeas counsel have had an opportunity to review these records. The Respondent did not oppose the Motion. (Dkt. #190).

Because the Court must make its competency determination only after examining all documents and testimony relevant to deciding this issue, it grants the Motion for Records.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the Motion for an Evidentiary Hearing, (Dkt. #110), and **GRANTS** the Motion for Order

-4-

Directing Ohio Department of Rehabilitation and Correction to Provide an Updated Copy of Petitioner's Prison Records to Undersigned Counsel, (Dkt. #187).

For case management purposes, the Court sets forth the following schedule:

1. The Respondent shall provide habeas counsel with all of Carter's prison records dated from March 22, 2006, to the present within forty-five (45) days of the date of this Order.

2. Carter shall have sixty (60) days from the date of receiving the prison records in which to file any supplemental brief pertaining to Carter's competence.

3. The Respondent shall have forty-five (45) days from the date Carter files any supplemental brief in which to file a responsive brief.

4. If Carter wishes to file a reply brief, he may do so no later than thirty (30) days after the Respondent files a responsive brief.

IT IS SO ORDERED.

S/Peter C. Economus - 3/20/08<br>
PETER C. ECONOMUS<br>
UNITED STATES DISTRICT JUDGE